UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | No. 3:19-CR-220 |
| v. | ) | |
| | ) | JUDGE VARLAN |
| DARREN PAYNE | ) | |

**<u>UNITED STATES' RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION FOR VARIANCE [DOC. 675]
AND NOTICE OF INTENT TO CALL A WITNESS AT
DEFENDANT'S SENTENCING HEARING</u>**

The United States of America, by and through Francis M. Hamilton, III, United States Attorney for the Eastern District of Tennessee, hereby files this Response in Opposition to Defendant's Motion for Variance under Title 18, United States Code, Section 3553(a) [Doc. 675]. Based on the defendant's history and characteristics, and conduct in this case, leniency is not warranted.

The factors provided in Title 18, United States Code, Section 3553(a) show that, at a minimum, a Guidelines-range sentence is appropriate in this case. The nature and circumstances of the offense are serious, as the defendant sold a significant amount of methamphetamine and heroin. PSR ¶ 37 There is nothing that takes this case out of the heartland of comparable cases. The defendant raises several factors, mainly his drug addiction history, and claims that the Court should grant him leniency based on it. However, the United States submits that nothing about the defendant's drug addiction history takes him out of the heartland of comparable cases.

The history and characteristics of the defendant also weigh against leniency. If anything, the defendant's criminal history is under-represented in the PSR. Based on multiple cooperator statements, as well as testimony to be presented at defendant's sentencing hearing, the defendant spent a substantial amount of time dealing narcotics in both Roane and Knox counties.

1

According to Title 18, United States Code, Section 3553(a)(2), the sentence should not only reflect the seriousness of the offense, but should also promote respect for the law and provide just punishment. The defendant has already received a substantial benefit for his minimal criminal history based on the statutory safety valve. Any further reduction based on his limited criminal history would not be appropriate..

Additionally, Title 18, United States Code, Section 3553(a)(6) provides that the Court should endeavor to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct. Furthermore, Title 18, United States Code, Section 3553(a)(5) states that, as a part of its 3553(a) analysis, the Court should consider the Sentencing Commission's policy statements. As noted below, the reasons provided by the defendant for leniency in this case are disfavored factors in the Guidelines. The Court should consider these policy statements; as granting leniency based on those factors would likely create an unwarranted sentencing disparity.

The defendant emphasizes his drug addiction, but the Sentencing Commission provides that drug addiction is not an appropriate basis for granting leniency. Section 5H1.4 of the Guidelines states that "[d]rug . . . dependence or abuse ordinarily is not a reason for a downward departure. Substance abuse is highly correlated to an increased propensity to commit crime." Therefore, the defendant's request for leniency based on his drug addiction should be denied.

In sum, the United States respectfully requests that the Court impose a sentence within the defendant's advisory guideline range to reflect the seriousness of the defendant's offense, to promote respect for the law, to protect the public, and to afford adequate deterrence of future criminal conduct by the defendant.

Respectfully submitted,

FRANCIS M. HAMILTON III
United States Attorney

By: *s/ Cynthia F. Davidson*
CYNTHIA F. DAVIDSON
Assistant United States Attorney
800 Market Street, Suite 211
Knoxville, Tennessee 37902
(865) 545-4167
Cynthia.davidson@usdoj.gov
BPR #016099